GARDEN, JUDGE:
This is a claim for damages for the alleged wrongful death of William Paul “Sonny” Hall, Jr., a 25-year-old patient at Weston State Hospital. In 1968, at the age of 19, Sonny was committed to Weston by his parents on the advice of a psychiatrist.- On August 20, 1975, while a patient in Ward 14, Unit 5 of the hospital, Sonny Hall was burned by another patient, Arnold Lee Shinaberry. The incident occurred at ap *306 proximately 8:00 p.m. in a locked, enclosed sun porch. Sonny Hall was clad in a long tee shirt, and Arnold Shinaberry, who had received matches from another patient earlier in the day, set fire to Sonny’s shirt. One of the two aides on duty that night, Mickey Scarff, heard shouting on the sun porch and ran to unlock the door. Scarff called the other aide and they escorted Sonny Hall to his room. A registered nurse was summoned and emergency treatment was administered to the victim by the nurse and the only physician on duty at that time, Dr. Zabat. The doctor ordered Sonny Hall’s transfer to the West Virginia University Medical Center in Morgan-town. He was transported there by ambulance, where he was examined and immediately sent to the burn center at West Penn Hospital in Pittsburgh, Pennsylvania. Two days later, he died as the result of his injuries.
Claimant alleges that the respondent was negligent in failing to properly supervise the patients in the ward and in failing to have proper treatment available to the victim. Claimant seeks damages under West Virginia Code §55-7-6 in the amount of $10,000 for bereavement suffered by the parents and the sum of $1,783.19 for funeral expenses.
Testimony at the hearing revealed that Sonny Hall was a severely retarded individual who was unable to speak well or feed and clothe himself. He was small of stature, hirsute, and needed constant care. Sonny was placed in Ward 14, which housed approximately 59 patients.
On the day of the incident in question, the two aides on duty locked Sonny Hall and three other patients in a sun porch next to the ward. The three other patients were described as “troublemakers,” and Sonny Hall required “a lot of care,” so the four of them were isolated while the two aides shaved the other patients. There was no supervision of Sonny and his companions during their 4%-hour seclusion on the sun porch.
It is a fundamental principle of law that negligence cannot create a cause of action unless it is the proximate cause of the injury complained of. 13 M.J., Negligence, §21. The injury must have been the natural and probable consequence of the *307 negligence, and it ought to have been foreseen in the light of the attending circumstances. 13 M.J., Negligence, §22. In the case, the evidence indicates a high degree of foreseeability., especially the testimony regarding Arnold Shinaberry, the perpetrator of the crime. A hospital aide described Shinaberry as oftentimes causing disturbances. When such a person is left locked up with others for a long period of time with absolutely no supervision, it is reasonably foreseeable that some harm could occur to a patient such as Sonny Hall, who was unable to take care of himself.
The Court finds from the record that the respondent failed to exercise reasonable care for the safety of the decedent, and that its failure proximately caused his injury and subsequent death.
Accordingly, the Court makes an award in the sum of $10,000.00 plus $1,783.19 for funeral expenses, for a total award of $11,783.19.
Award of $11,783.19.